1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JAMES DAL BON    SB# 157942
LAW OFFICE OF JAMES DAL BON
606 N. 1ST St.
SAN JOSE, CA 95112
Telephone:    (408) 466-5845
Facsimile:    (408) 286-7111

VICTORIA L.H. BOOKE    SB# 142518
BOOKE & AJLOUNY
606 North First Street
San Jose, California 95112
Telephone:    (408) 286-7000
Facsimile:    (408) 286-7111
Email: vbooke@bookelaw.com

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## NORTHERN CALIFORNIA

| | |
|---|---|
| **RODRIGO CAMILO, an individual, ALVARO CAMILO, an individual, RICARDO G. SANCHEZ, an individual, JOSE MANUEL LOPEZ, an individual,**<br><br>**PLAINITFFS AND CLASS ACTION PLAINTIFFS**<br><br>Plaintiffs,<br><br>vs.<br><br>Defendants.<br><br>**SERVERO C. OZUNA, an individual, DON VITO OZUNA FOOD CORPORATION, a California Corporation** | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**CLAIMS FOR DAMAGES FOR INDIVIDUAL PLAINTIFFS AND CLASS ACTION PLAINTIFFS**<br>1)Failure to Pay all Wages Under the Fair Labor Standards Act<br>2) Failure to Pay all Wages Including California Overtime Wages<br>3)Failure to Pay all Wages at the End of Employment<br>4)Failure to Provide Accurate California Itemized Employee Wage Statements<br>5)Failure to Provide Breaks<br>6)Violation of California Unfair Competition Law for unlawful and/or unfair act in violation of California Law<br><br>**DEMAND FOR JURY TRIAL** |

## NATURE OF CLAIM

This is a class action on behalf of production, packaging, and manufacturing laborers employed by Defendants for wage and hour violations of federal and state law.  Defendants failed to pay its non-exempt production, packaging, and manufacturing laborers at the correct overtime rate when they worked more than eight hours in one day or forty hours in one week.  Plaintiffs file an opt-in class action under the Fair Employment and Standards Act for wages under federal law. The Plaintiffs also file a Rule 23 opt-out class action for wages and penalties owed under California state law. Finally, the Plaintiffs seek restitution of wages for the past four years due to Defendants' unfair business practices in failing to pay wages to their employees in adherence to state and federal law.

## SUBJECT MATTER JURISDICTION AND VENUE

1.      This Court is a proper venue, since all events giving rise to this lawsuit have occurred in this district.

2.      Subject matter jurisdiction of this action of this Court is based upon Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., and the pendant jurisdiction of this Court. Defendants' gross sales meet the jurisdictional minimum of the Fair Labor Standards Act and his business involves products that move through interstate commerce.

## PARTIES

3.      At all times relevant herein, Plaintiff Rodrigo Camilo, hereinafter "Plaintiff" is a resident of Santa Clara County in California.

4.      At all times relevant herein, Plaintiff Alvaro Camilo, hereinafter "Plaintiff" is a resident of Santa Clara County in California.

5.      At all times relevant herein, Plaintiff Ricardo G. Sanchez, hereinafter "Plaintiff" is a resident of Santa Clara County in California.

6.      At all times relevant herein, Plaintiff Jose Manuel Lopez, hereinafter "Plaintiff" is a resident of Sacramento County in California.

7.      At all times mentioned Defendant Servero C. Ozuna, hereinafter "Defendant" is an individual owner of Defendants.

8.      At all times mentioned Defendant Don Vito Ozuna Food Corporation, hereinafter "Defendant" is a California Corporation with its headquarters in Morgan Hill, Santa Clara County.

9.      At all times relevant herein, Defendant Don Vito Ozuna Food Corporation employed Plaintiff Rodrigo Camilo, as a non-exempt tortilla-manufacturing laborers.

10.     At all times relevant herein, Defendant Don Vito Ozuna Food Corporation employed Plaintiff Alvaro Camilo, as a non-exempt tortilla-manufacturing laborers.

11.     At all times relevant herein, Defendant Don Vito Ozuna Food Corporation employed Plaintiff Ricardo G. Sanchez, as a non-exempt tortilla-manufacturing laborers.

12.     At all times relevant herein, Defendant Don Vito Ozuna Food Corporation employed Plaintiff Jose Manuel Lopez, as a non-exempt tortilla-manufacturing laborers.

13.     At all times mentioned "Putative Plaintiffs" are the individual Plaintiffs' co-workers employed by Defendants as non-exempt tortilla-manufacturing, packaging, distribution laborers during the last four years from the day they filed this complaint.

14.     Plaintiff Rodrigo Camilo, Plaintiff Alvaro Camilo, Plaintiff Jose G. Sanchez, Plaintiff Jose Manuel Lopez, and Putative Plaintiffs shall be collectively known as "Plaintiffs".

                    STATEMENT OF FACTS APPLICABLE TO ALL PLAINTIFFS

15.     At all times relevant herein, Defendants employed the Plaintiffs in the tortilla-manufacturing and distribution industry as production, packaging, and manufacturing laborers in addition to distribution and delivery.

16.     Plaintiffs' job duties included preparing, stacking, lifting, and sorting of products and ingredients. Plaintiffs' job duties also included manufacturing and production, packaging, pallet stocking, order filling, delivering, distributing, and transporting of products.

17.     In performing the aforementioned job duties, the Plaintiffs regularly worked more than eight hours in one day.

18.     In performing the aforementioned job duties, the Plaintiffs regularly worked more than forty hours in one week.

19.     Defendants paid the Plaintiffs per hour to perform the aforementioned job duties.

20.    Defendants failed to pay for all the time the Plaintiffs spent on the job.

21.    Defendants paid Plaintiffs to provide labor, service, and distribution for their tortilla-manufacturing and distribution business.

22.    Defendants did not pay the Plaintiffs for all the time spent providing labor and service to the Defendants.

23.    Plaintiffs' shifts started between 3am and 6am and lasted as long as 18 hours.

24.    Plaintiffs typically worked 5 to 6 days a week.

25.    Plaintiffs typically worked 12 or more hours a day.

26.    Plaintiffs were not always provided legally mandated rest breaks and lunch breaks, based on the information provided.

27.    Defendants would not pay the Plaintiffs for all the time the Plaintiffs spent working.

28.    Defendants regularly deducted or "shaved" work hours from the Plaintiffs' paychecks so that the Defendants did not pay the Plaintiffs for all the overtime hours they actually worked for the Defendants.

29.    Defendants did not pay the Plaintiffs at the rate of one and a half times their regular rate of pay for every hour they worked more than eight in one day.

30.    Defendants did not pay the Plaintiffs at the rate of one and half times their regular rate of pay when they worked more than forty hours in one week.

31.    Defendants did not pay the Plaintiffs minimum wages when they shaved time from their work hours.

32.    The Defendants intentionally failed to provide the Plaintiffs with all required breaks when they worked six hours or more in one day.

33.    Defendants provided the Plaintiffs with paystubs that did not reflect the hours they worked in an accurate manner and did not include the overtime hours.

34.    Defendants were responsible for working conditions, setting hours, and personally paying the Plaintiffs.

CLASS ALLEGATIONS

35.     A collective action under 29 U.S.C. § 216(b) for the violations of federal wage law is appropriate because (1) a similar set of facts apply to all Plaintiffs, (2) the Plaintiffs worked in the same or similar employment setting (2) the Defendants can assert defenses collectively against all Plaintiffs, and (4) a collective action is fair to both parties and serves the interests of judicial economy.

36.     A Class Action under Federal Rule of Civil Procedure § 23 for the California causes of action is superior to an individual action because a well-defined community of interest exists in the litigation in that (1) common questions of law and fact predominate the action (2) the class representative has claims or defenses typical of the class; (3) the class representative can adequately represent the class; (4) and the proposed class is easily ascertainable.

37.      Plaintiffs seek to represent the following class: All non-exempt hourly employees who are employed or have been employed by Defendants as production, packaging, and manufacturing laborers in the tortilla-manufacturing and distribution industry California within four (4) years of the filing of this Complaint engaged in tortilla-manufacturing, packaging, and distribution labor through the date of final disposition of this action and who suffered the following:

       a.      Were not paid overtime wages;

       b.      Were not paid for all hours worked;

       c.      Were not paid minimum wages for all hours worked;

       d.      Were not provided with proper paystubs;

       e.      Were not provided with all legally mandated rest breaks.

       f.      Were not provided with all legally mandated lunch breaks.

38.     Plaintiffs seek to represent the following sub-class:

All non-exempt hourly employees whose employment ended in California within four (4) years of the filing of this Complaint engaged in production, packaging, and manufacturing-related labor for the Defendants as non-exempt production, packaging, and manufacturing laborers through

the date of final disposition of this action and who were not fully paid their wages within seventy-two hours of the end of their employment;

39.     On information and belief, the legal and factual issues are common to the class and affected all putative members of the class. Plaintiffs reserve the right to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

A.     Numerosity

40.     The potential members of the Class as defined are so numerous that joinder of all the members of the class is impracticable. While the precise number of class members has not been determined now, Plaintiffs are informed and believe that Defendants during the relevant time periods likely employed over 50 workers in California who are, or have been, affected by Defendants' unlawful practices as alleged herein.

41.     Joinder of all members of the proposed class is not practical.

B.     Commonality

42.     There are questions of law and fact common to the class predominating over any questions affecting only individual class members. These common questions of law and fact include, without limitation:

a.     Whether Defendants violated the California Labor Code and Wage Orders as a result of the allegations described in this complaint;

b.     Whether Defendants violated the California Labor Code and Wage Orders by compensating Plaintiffs and other putative class members at rates below the required overtime rate;

c.     Whether Defendants violated the California Labor Code and Wage Orders by failing to permit and authorize meal periods for Plaintiffs and putative class members and failing to compensate said employees for failure to do so, in violation of California law;

d.      Whether Defendants violated the California Labor Code and Wage Orders by failing to, among other things, maintain accurate records of Plaintiffs and other putative class members' earned wages and itemize all wages earned, and accurately maintain other records;

e.      Whether Defendants violated the California Labor Code and Wage Orders by failing to pay all earned wages due and/or premium wages due and owing at the time that the employment of any putative class members, including Plaintiffs, ended;

f.      Whether Defendants violated §§ 17200 et seq. of the Business and Professions Code by the violation of California Law;

g.      Whether Plaintiffs and other putative class members are entitled to damages, restitution, wages, statutory penalties, premium wages, declaratory, injunctive and declaratory relief, attorneys' fees, interest, and costs, and other relief pursuant to California Labor Code and Wage Orders, Business and Professions Code section 17200 et seq.

43.    There are no individualized factual or legal issues for the court to resolve that would prevent this case from proceeding as a class action.

C.      Typicality

44.    The claims of the named Plaintiffs are typical of the claims of the class.  Plaintiffs and all members of the class sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of California laws, regulations, and statutes as alleged herein.

D.      Adequacy of Representation

45.    Plaintiffs will fairly and adequately represent and protect the interests of the members of the class.  Plaintiffs have no interests which are adverse to the class. Counsel who represent Plaintiffs are competent and experienced in litigating large employment class actions.

E.      Superiority of Class Action

46.    A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all class members is not practicable, and questions of law and fact common to the class predominate over any questions affecting only individual members of the class.  Each member of the class has been damaged and is entitled to recovery due from Defendants' unlawful policy and/or practices described herein.

47.    Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

48.    For the same reasons, this Class Action should be certified; the Plaintiffs should be allowed to proceed against Defendants in a collective action pursuant to Cal. Bus. & Prof. Code § 17200.

COUNT ONE

FEDERAL CLAIM

Violation of the Fair Labor Standards Act

29 U.S.C. §§ 207, 216(b), and 255(a)

Failure to Pay Overtime Wages and Minimum Wages

49.    Plaintiffs re-allege and incorporate the allegations of paragraphs 1-48 as if fully stated herein.

50.    At all relevant times herein, Defendants employment was subject to the provisions of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, et seq.

51.    The Defendants operate a business enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203 (r) & (s) and related Department of Labor regulations.

52.    Defendants routinely required or permitted Plaintiffs and their similar class members to work more than 40 hours per week without paying all their wages for overtime work.  The Defendants intentionally hid the Plaintiffs' overtime hours by failing to mark them on their paystubs.

53.     Defendants willfully violated the FLSA in failing to pay Plaintiffs overtime wages at one-and-one-half times their regular rate of pay.

54.     As a direct and proximate result of Defendants' failure to pay the Plaintiffs' proper wages under the FLSA, Plaintiffs incurred general damages in the form of lost overtime wages in an amount to be proven at trial.

55.     Defendants intentionally, with reckless disregard for their responsibilities under the FLSA, and without good cause, failed to pay Plaintiffs and other similar class members all their wages, and are thus liable to Plaintiffs for liquidated damages in an amount equal to their lost wages over a three-year statute of limitations, pursuant to 29 U.S.C. §§ 216(b) & 255(a) of the FLSA.

56.     Plaintiffs were required to retain legal assistance to bring this action and, as such, are entitled to an award of reasonable attorney's fees pursuant to the FLSA.

COUNT TWO

PENDENT STATE CLAIM

Violation of California Labor Code §§ 510, 1194, 1197, 1771 and 1774

Failure to Properly Pay Minimum and Overtime Wages

57.     Plaintiffs re-allege and incorporate the allegations of paragraphs 1-48 as if fully stated herein.

58.     At all times mentioned herein, California Labor Code §510 governed the Defendants' employment of Plaintiffs.

59.     Pursuant to Labor Code §510, Defendants had a duty to pay its employees, including Plaintiffs, no less than one and one-half times their regular rate of pay for all hours worked more than 8 hours a day or 40 hours a week.

60.     Pursuant to Labor Code § 1194, Plaintiffs and all similarly situated workers seek all unpaid overtime wages and unpaid regular wages.

61.     Plaintiffs request an award of pre-judgment interest on the unpaid wages set forth herein.

62.     As a result of Defendants violations of statutory duties, as more fully set forth above, Plaintiffs earned but were not paid wages in an amount above the jurisdictional limits of this court.

63.     Plaintiffs seek all unpaid wages including the difference between the amount actually paid and the amount in overtime wages or regular wages owed.  Plaintiffs continue to conduct audits and investigations, however, based upon our initial calculations, the amounts claimed are above the jurisdictional minimum requirements of this court.  Plaintiffs will seek leave of court to amend this Complaint according to proof at the time of trial.

64.     Plaintiffs also seek liquidated damages under to California Labor Code § 1194.2 for all unpaid minimum wages.

65.     Plaintiffs have incurred, and will continue to incur, attorneys' fees in the prosecution of this action and therefore demands such reasonable attorney's fees and costs as set by the court pursuant to California Labor Code § 1194.

COUNT THREE

Violation of California Labor Code Sections 201, 202 & 203

Failure to Pay Wages Due and "Waiting Time" Penalties

66.     Plaintiffs re-allege and incorporate the allegations of paragraphs 1-48 as though fully set forth herein.

67.     At the time Plaintiffs' employments ended with Defendants, Plaintiffs were terminated and Defendants owed Plaintiffs certain unpaid overtime wages as previously alleged and such wages owed to Plaintiffs were ascertainable at the time of termination.

68.     Failure to pay wages owed at the time an employee is terminated as required by Labor Code §201 or 202 subjects the employer the payment of a penalty equaling up to 30 days wages, as provided for in Labor Code § 203.

69.     As of this date, Defendants have failed and refused, and continue to fail and refuse, to pay the amount due, thus making Defendants liable to Plaintiffs for penalties equal to thirty (30) days wages, in an amount to be determined at trial.

70.     Pursuant to Labor Code Section 1194, Plaintiffs request that the court award Plaintiffs reasonable attorney's fees and costs incurred in this action.

71.     Pursuant to Labor Code Section 218.6, Plaintiffs request that the court award interest on all due and unpaid wages, at the legal rate specified by Civil Code Section 3289(b), accruing from the date the wages were due and payable.

COUNT FOUR

Violation of California Labor Code § 226

Failure to Provide Accurate Wage Stubs

72.     Plaintiffs re-allege and incorporate the allegations of paragraphs 1-48 as if fully stated herein.

73.     At all times relevant hereto, Defendants were subject to the provisions of California Labor Code §§ 226, which requires an employer to provide each employee with written periodic wage payment setting forth, among other things, the dates of labor for which payment of wages are made, the total hours of work for the pay period, the gross and net wages paid, all deductions from those wages, the name and address of the employer, and the address of the employer's state bank address.

74.     Defendants knowingly and intentionally failed to provide Plaintiffs with accurate, itemized wage statements in compliance with Labor Code §226.  Such failures of Defendants to provide Plaintiffs with any wage statement that should show, among other things, the rate of pay, the hours worked, the rate for overtime hours worked and amount of overtime pay, in each pay period and/or a report of gross wages earned.

75.     As a direct result, Defendants did not separate Plaintiffs' regular hours from their overtime hours because Defendants did not want to pay Plaintiffs overtime pay. The Plaintiffs are entitled to recover an amount to be proven at trial for actual damages, including that measured by the unpaid wages, of not less than $50.00 for an initial violation and $100.00 for a subsequent for each violation or actual damages up to $4,000.00.

76.     Plaintiffs have incurred, and will continue to incur attorney fees in the prosecution of this action.

COUNT FIVE

Failure To Provide Meal Periods Or Compensation In Lieu Thereof

(Labor Code §§ 203, 226, 226.7, 512, 1194)

77.     Plaintiffs re-allege and incorporate the allegations of paragraphs 1-48 of the preceding paragraphs as though fully set forth herein.

78.     Defendants failed to comply with the requirement under California law regarding meal periods. Defendants failed to schedule meal periods, Plaintiffs were routinely required to work without thirty-minute uninterrupted meal periods, and Plaintiffs and co-workers were not compensated for missed meal periods.

79.      California Labor Code §226.7 states:

(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

80.      Plaintiffs did not voluntarily or willfully waive meal periods. Any express or implied waivers obtained from Plaintiffs were not willfully obtained or voluntarily agreed to, but rather were a condition of employment or part of an unlawful contract of adhesion.

81.     Plaintiffs were scheduled and required to work for periods up to six hours or more without an off-duty meal period of at least 30 minutes, and Defendants violated California law by failing to comply with the meal period requirements mandated by Labor Code §226.7 and the applicable Wage Orders. As such, Defendants are liable for one hour of pay at the employee's regular rate of compensation for each workday that meal periods were not provided.

COUNT SIX

Failure To Provide Rest Periods Or Compensation In Lieu Thereof

(Labor Code §§ 203, 226, 226.7, 1194)

82.     Plaintiffs re-allege and incorporate the allegations of paragraphs 1-48 of the preceding paragraphs as though fully set forth herein.

83.     Defendants failed to comply with the requirement under California law regarding rest periods. Plaintiffs were not afforded rest periods as required by California law. Plaintiffs were routinely required to work without ten-minute uninterrupted rest periods, and Plaintiffs and co-workers were not compensated for missed rest periods.

84.     California Labor Code §226.7 states:

(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

85.     Plaintiffs did not voluntarily or willfully waive rest periods. Any express or implied waivers obtained from Plaintiffs were not willfully obtained or voluntarily agreed to, but rather were a condition of employment or part of an unlawful contract of adhesion.

86.     Plaintiffs were scheduled and required to work for periods up to four or more without an off-duty rest period of at least 10 minutes, and Defendants violated California law by failing to comply with the rest period requirements mandated by Labor Code §226.7 and the applicable Wage Orders. As such, Defendants are liable for one hour of pay at the employee's regular rate of compensation for each workday that rest periods were not provided.

COUNT SEVEN

Violation of California Business & Professions Code §17200

Restitution for Unfair Business Practices

87.    Plaintiffs re-allege and incorporate the allegations of paragraphs 1-48 as though fully set forth herein.

88.    At all times relevant herein, Plaintiffs' employment with Defendants was subject to the California Labor Code and applicable Wage Orders promulgated by the California Industrial Welfare Commission, which required all employees to be paid certain wages, overtime for work performed more than 40 hours per week or 8 hours per day unless specifically exempted by the law.

89.    At all times mentioned the Defendants were subject to Fair Labor Standards Act 29 U.S.C. §§ 207, 216(b), and 255(a) requiring they pay the Plaintiffs overtime at one point five times their regular rate of pay for every hour they work more than forty in one week.

90.    At all times relevant herein, the employers of Plaintiffs, Defendants, were subject to the California Unfair Trade Practices Act (California Business and Professions Code § §17000 et seq.), but failed to pay the Plaintiffs, including similarly situated workers who are members of the public, certain overtime pay as required by applicable state and federal laws, to all of which Plaintiffs were legally entitled, with Defendants keeping the amount which should have been paid to Plaintiffs.

91.    In doing so, Defendants violated California Unfair Trade Practices Act, Business and Professions Code §17200, et seq. by committing acts prohibited by applicable California Labor Code provisions, IWC Wage Orders, and thus giving them a competitive advantage over other employers and businesses with whom Defendants were in competition and who were in compliance with the law.

92.    As a direct and proximate result of Defendants' violations and failure to pay the required wages and overtime pay, the Plaintiffs' rights under the law were violated and the Plaintiffs incurred losses in the form of unpaid wages in amounts to be proven at trial.

93.    Defendants had been aware of the existence and requirements of the Unfair Trade Practices Act and the requirements of state and federal wage and hour laws, but willfully, knowingly, and intentionally failed to pay Plaintiffs, certain wages and overtime pay due.

94.     Plaintiffs, having been illegally deprived overtime pay to which they were legally entitled, herein seeks restitution of such unpaid wages pursuant to the Business and Professions Code §17203.

WHEREFORE ALL PLAINTIFFS PRAY

1.     For compensatory damages per Cal. Labor Code §§ 510. 1194 for unpaid overtime wages in an amount to be determined;

2.     For liquidated damages for all overtime owed under the Fair Labor Standards Act 29 U.S.C. §§ 207, 216(b), and 255(a);

3.     For liquidated damages for all minimum wages owed under Cal. Labor Code § 1194.2;

4.     For restitution of unpaid overtime pay pursuant to California Business and Professions Code §17203 in an amount to be determined at trial;

5.     For equitable and injunctive relief under California Business and Professions Code §17200, et seq. including but not limited to equitable accounting of all Plaintiffs work hours and overtime wages owed;

6.     For waiting time penalty damages of thirty days wages to Plaintiffs, pursuant to California Labor Code § 203 in an amount to be determined at trial;

7.     Damages and penalties for not providing pay statements pursuant to California Labor Code Section 226 in an amount to be determined at trial;

8.     For pre-judgment interest of 10% on the unpaid overtime compensation and unpaid salaries pursuant to California Labor Code §1194(a);

9.     Plaintiffs asks the court to award reasonable attorney's fees pursuant to California Labor Code §1194(a);

10.     For costs of suit herein; and

11.     For such other and further relief as the Court may deem appropriate.

May 14, 2018

Respectfully submitted,

By:

*James Dal Bon*
_____

JAMES DAL BON

Attorney for Plaintiffs

JAMES DAL BON 157942
LAW OFFICE OF JAMES DAL BON
606 N. 1ST St.
SAN JOSE, CA 95112
Telephone:    (408) 466-5845
Facsimile:    (408) 286-7111

VICTORIA L.H. BOOKE    SB# 142518
BOOKE & AJLOUNY
606 North First Street
San Jose, California 95112
Telephone:    (408) 286-7000
Facsimile:    (408) 286-7111
Email: vbooke@bookelaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## NORTHERN CALIFORNIA

Case No.

**RODRIGO CAMILO, an individual, ALVARO CAMILO, an individual, RICARDO G. SANCHEZ, an individual, JOSE MANUEL LOPEZ, an individual,**

**PLAINITFFS AND CLASS ACTION PLAINTIFFS**

           **Plaintiffs,**

     **vs.**

           **Defendants.**

**SERVERO C. OZUNA, an individual, DON VITO OZUNA FOOD CORPORATION, a California Corporation**

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a jury trial.

1
2

May 14, 2018

3

4

5

By:

Respectfully submitted,

*James Dal Bon*

JAMES DAL BON

Attorney for Plaintiffs

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Complaint