UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RODRIGO CAMILO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SEVERO C. OZUNA, et al.,<br><br>Defendants. | Case No. 18-cv-02842-VKD<br><br>**ORDER GRANTING PLAINTIFFS' RENEWED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT**<br><br>Re: Dkt. No. 53 |

Plaintiffs Rodrigo Camilo, Alvaro Camilo, Ricardo Sanchez, and Jose Lopez filed this hybrid class action and collective action for alleged wage and hour violations under various provisions of the California Labor Code and the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. Defendants are Severo C. Ozuna and the Don Vito Ozuna Food Corporation.

On plaintiffs' initial unopposed motion for preliminary approval of settlement (Dkt. No. 40), the Court conditionally certified a Rule 23 class action and FLSA collective action, designated the named plaintiffs as class representatives, appointed plaintiffs' counsel as class counsel, and reserved judgment on plaintiffs' request for attorneys' fees, costs and expenses, as well as their request for service awards. Dkt. No. 52. The Court otherwise denied plaintiffs' motion for preliminary approval, without prejudice, and noted several items of particular concern. *Id*.

Before the Court is plaintiffs' renewed motion for preliminary approval of the settlement. Dkt. No. 53. In addressing one of the Court's noted concerns, plaintiffs have provided their calculations underlying defendants' total estimated exposure, if this case were to proceed to trial. In their renewed motion, plaintiffs now explain that:

- Based on interviews of the plaintiffs, and review of defendants' documents and Department of Labor ("DOL") records, plaintiffs' counsel estimates that employees worked, on average, 10 hours per day and some Saturdays—i.e., about 20 hours of overtime per week. The average hourly income for each employee is $10/hour. Because plaintiffs claim that defendants paid their overtime hours at a regular rate of pay, plaintiffs contend that they were underpaid $5 for each hour of overtime they worked.
- Employees worked a total of 6,825.29 workweeks ("California workweeks")
- Employees worked a total of 5,661.57 workweeks during the FLSA class period ("FLSA workweeks")
- Plaintiffs carved out 1,934 workweeks from the California workweeks and the FLSA workweeks to account for payments made by the DOL in a separate proceeding.

Although plaintiffs provided one set of numbers to the Court (recited above), they proceeded to use different, albeit somewhat similar numbers, in their actual calculations. Nevertheless, using the numbers provided above and inserting *those* numbers into plaintiffs' proffered formulas, the Court finds that plaintiffs' estimated damages are roughly accurate, and slightly lower than the numbers provided in their renewed motion:

- Rule 23 overtime: 6825.29 California workweeks -1934 weeks x $5 per hour x 20 hours overtime per week = $489,129
- FLSA overtime: 5661.57 FLSA workweeks – 1934 weeks x $5 per hour x 20 hours overtime per week = $372,757
- Meal violations[1]: 6825.29 California workweeks x 5 days x $10 per day = $341,264.50
- Rest violations: 6825.29 California workweeks x 5 days x $10 per day =

---

[1] *See* Cal. Labor Code § 226.7; *United Parcel Service Inc. v. Super. Ct.*, 196 Cal. App. 4th 57, 69 (2011); *see also Marquez v. NLP Janitorial, Inc.*, No. 16-cv-06089-BLF, 2019 WL 652866, at *7 (N.D. Cal. Feb. 15, 2019).

2

$341,264.50

- Waiting time penalties[2]: 107 former employees[3] x $10 per hour x 8 hours x 30 days = $256,800
- Pay stub violation[4]: 30 employees (going back one year from the filing of the complaint) x 26 pay periods x $100 per violation = $78,000
- Interest: 10%

Based on these calculations, plaintiffs estimate that their potential recovery for all claims could be about $2 million. However, certain downward adjustments were made to account for the weakness of plaintiffs' claims for meal and rest break violations. Specifically, plaintiffs state that defendants' records show that employees regularly took meal and rest breaks, and thus do not support meal or rest break violations, which appear to comprise approximately one-third of their claimed damages. Additionally, plaintiffs say that their analysis of defendants' records indicates that defendants paid a considerable portion of overtime in cash. Based on Mr. Ozuna's scribbled handwritten notes and payment method, plaintiffs' counsel estimates that defendants might be able to prove that class members are owed only $500,000.

Plaintiffs' renewed motion for preliminary approval apparently is unopposed. Upon consideration of the moving papers, as well as the parties' Amended Joint Stipulation for Class Action Settlement and Release ("Amended Agreement"), attached hereto as Exhibit A and incorporated herein by reference, and good cause appearing based on the record presented, the Court grants plaintiffs' renewed motion for preliminary approval. **However, this order is subject to plaintiffs, with defendants' agreement, making several corrections to their Notice of Proposed Class Action Settlement as noted below::**

1. To the extent defined in the Amended Agreement, the terms in this order shall have the

---

[2] *See* Cal. Labor Code §§ 201(a), 203(a).

[3] Plaintiffs previously advised that 107 of the total class members are former employees. Dkt. No. 51 at ECF 2. The Court has used that number instead of the 118 plaintiffs used in their renewed motion.

[4] *See* Cal. Labor Code § 226(e)(1).

3

1  meanings set forth therein.

2. For settlement purposes, the Court conditionally certifies this matter as a collective action under the FLSA, 29 U.S.C. § 216(b), for FLSA Class Members consisting of all individuals who are employed or who have been employed by defendants as non-exempt hourly employees involved in the tortilla and chip manufacturing process from May 14, 2015 through March 19, 2019 who allege violations under the FLSA as described in claim one of the Complaint (Dkt. No. 1).

3. For settlement purposes, and pursuant to Rule 23, the Court preliminarily certifies a class of Rule 23 Class Members, consisting of all individuals who are employed or have been employed by defendants as non-exempt hourly employees involved in the tortilla and chip manufacturing process between May 14, 2014 and March 19, 2019 and who allege violations under California law as described in claims two through seven of the Complaint (Dkt. No. 1).

4. Rule 23 Class Members and FLSA Class Members are referred to herein collectively as "Class Members."

5. For settlement purposes, the Court designates plaintiffs Rodrigo Camilo, Alvaro Camilo, Ricardo G. Sanchez and Jose Manuel Lopez as representatives of the conditionally certified class and collective action, and appoints James Dal Bon of the Law Offices of James Dal Bon and Victoria Books of Booke & Ajlouny as Class Counsel.

6. Subject to the receipt and consideration by the Court of any objections to or comments on the Amended Agreement, the Court finds the Amended Agreement and all of its terms to be fair, just and reasonable and in the best interests of the Rule 23 Class Members and FLSA Class Members as defined herein. The proposed settlement falls within the range of possible settlement approval, was negotiated at arms-length with the assistance of a mediator, and is sufficient to warrant sending notice to the Class Members for their comments. The Court hereby preliminarily approves the proposed settlement under Rule 23(e) and the FLSA.

7. The *cy pres* recipient identified in the Amended Agreement, the Katharine & George Alexander Community Law Center, appears to meet the test "that there be a driving nexus between the plaintiff class and the *cy pres* beneficiaries." *Dennis v. Kellogg Co.*, 697 F.3d 858, 865 (9th Cir. 2012) (internal quotations and citation omitted).

8. The Court hereby appoints CPT Group as the Claims Administrator to help implement the terms of the Amended Agreement.

9. Subject to plaintiffs (with defendants' agreement) making certain corrections noted below, the form and content of the proposed Notice of Proposed Class Action Settlement (Dkt. No. 54-2) and the notice methodology described in the Amended Agreement, are hereby approved. The Court finds the notice procedures set forth in the Amended Agreement to be the best notice practicable under the circumstances, and constitute due and sufficient notice, in full compliance with the requirements of Rule 23(c) of the Federal Rules of Civil Procedure, the Constitution of the United States, and any other applicable law.

   a. In Section 14 of the Notice of Proposed Class Action Settlement, the text should note (as the parties have done with regard to the requested attorneys' fees and costs) that the requested service awards for each of the four named plaintiffs is subject to the Court's approval.

   b. Additionally, the final sentence of Section 14 states that the named plaintiffs seek a service award based, in part, "in exchange for [their] waiving a broader array of personal claims than you are." Dkt. No. 54-2 at ECF 8. The parties' newly executed settlement agreement, however, indicates that the named plaintiffs are not waiving or releasing anything more or less than other class members. Accordingly, assuming the parties agree, the text suggesting that the named plaintiffs have agreed to a broader release or waiver should be deleted.

   c. The Court previously noted that the Notice of Proposed Class Action Settlement referred to Mr. Ozuna variously as "Servero" and "Severo" Ozuna. Defendants indicated that Mr. Ozuna's first name is "Severo." Dkt. No. 22.

The Court suggests that the Notice of Proposed Class Action Settlement conform the spelling of Mr. Ozuna's name accordingly.

A revised Notice of Proposed Class Action Settlement accounting for these modifications should be filed with the Court by **October 29, 2019**.

10. By no later than the deadline set in Paragraph 24 of this order, the Claims Administrator shall send to each Class Member, by first class U.S. mail and in a manner consistent with the Amended Agreement and this order, the "Notice Packet," consisting of (1) the Notice of Proposed Class Action Settlement, attached hereto as Exhibit B,[5] and (2) the Claim Form to Join Fair Labor Standards Act Settlement and Release of Claims ("Claim Form"), attached here to as Exhibit C.

11. Pursuant to Rule 23(e), a Final Approval Fairness Hearing will be held before this Court on Tuesday, **March 3, 2020, 10:00 a.m.** in Courtroom 2, 5th Floor at 280 South First Street, San Jose, California to determine the fairness, reasonableness, and adequacy of the proposed settlement and whether it should be finally approved, includeng its provision for payment of service awards to each of the named plaintiffs, as well as Class Counsel's request for attorneys' fees, costs and expenses. The Final Approval Fairness Hearing may be postponed, adjourned, or continued by order of the Court without further notice to the Class Members.

12. Any Rule 23 Class Member who wishes to be excluded from the settlement must send to the Claims Administrator a personally signed letter including (a) his or her full name; (b) his or her current address and telephone number; (c) a clear statement communicating that he or she chooses to be excluded from the settlement, does not wish to be a Rule 23 Class Member, and chooses to be excluded from any judgment entered pursuant to the Amended Agreement; (d) his or her signature; and (e) the case name and case number of this action. Any such Request for Exclusion must be sent to the Claims Administrator, in accordance with the Amended Agreement, no later than 45 calendar days from the date the

---

[5] The final version of the Notice of Proposed Class Action Settlement to be included in the Notice Packet should include the modifications discussed in ¶ 9a.-c. above.

Claims Administrator mails the Notice Packet.

13. Rule 23 Class Members who do not timely submit a Request for Exclusion will be deemed to be a Rule 23 Class Member and will be bound by the terms of the proposed settlement unless otherwise order by the Court.

14. FLSA Class Members who do not file a Claim Form will be deemed not to have waived any rights under the FLSA.

15. All persons or entities who properly exclude themselves from the settlement shall not be Class Members and shall relinquish their rights or benefits under the Amended Agreement, should it be finally approved, and may not file an objection to the settlement or be entitled to any settlement benefits.

16. If the Court gives final approval for the proposed settlement, any Rule 23 Class Member or FLSA Class Member for whom the Claims Administrator is not able to determine an accurate address and who, in accordance with the terms and conditions of the Amended Agreement, has neither submitted a timely Request for Exclusion, nor submitted a valid and timely Claim Form, shall be bound by all terms of the Amended Agreement and the Court's final order and final judgment, regardless of whether they objected to the settlement, even if the Rule 23 Class Member or FLSA Class Member previously initiated or subsequently initiates any litigation against any or all of the Released Parties relating to Released Claims.

17. Any Rule 23 Class Member or FLSA Class Member who intends to object to the fairness, reasonableness, and/or adequacy of the settlement may file a written objection with the Court no later than 45 calendar days from the date the Claims Administrator mails the Notice Packet.  Class Members who object must set forth:  (a) their full name; (b) their current address and telephone number; (c) a written statement of their objection(s) and the reasons for each objection; (d) a statement of whether they intend to appear at the Final Approval Fairness Hearing (with or without counsel); (e) their signature; and (f) the case name and number.

18. Any Rule 23 Class Member who has met the requirements of Paragraph 13 herein, and

any FLSA Class Member who timely submits a Claim Form, or his or her representative, may appear at the Final Approval Settlement Hearing in person and be heard to the extent allowed by the Court in support of, or in opposition to, the fairness, reasonableness and adequacy of the proposed settlement, the requested award of attorneys' fees, costs, and expenses, and the requested service awards to each of the four named plaintiffs.

19. Any Class Member who does not make his or her objections shall be deemed to have waived such objections and shall forever be foreclosed from making any objection to the fairness, reasonableness, and adequacy of the proposed settlement, the requested award of attorneys' fees, costs and expenses, and the requested payment to the named plaintiffs unless otherwise ordered by the Court.

20. On or before **February 25, 2020** the parties shall file their responses to any objections to the settlement.

21. Plaintiffs' motion for final approval of the settlement, as well as Class Counsel's motion for attorneys' fees, costs and expenses, as well as service awards to each of the named plaintiffs, shall be filed with the Court according to the schedule set forth in Paragraph 24 below. The motion for attorneys' fees, costs and expenses must include (a) the number of hours spent on this litigation by each timekeeper, (b) detailed billing statements showing how much time was spent on each task; and (c) each timekeeper's billable rate and justification for that rate.

22. Class Counsel and/or the Claims Administrator, shall create and maintain a website for the benefit of the Class Members. This website shall provide the pleadings on file related to the proposed settlement, the Court's May 16, 2019 order (Dkt. No. 52), this order, the contact information for the Claims Administrator, and current information regarding the date and time of the Court's Final Approval Fairness Hearing.

23. Non-substantive amendments may be made to the Amended Agreement or Notice Packet upon written agreement of Class Counsel and counsel for defendants.

24. The deadlines set by this order are summarized below and are provided here largely for

the convenience of the parties and the Class Members. If any deadline set forth in this order falls on a Saturday, Sunday, or federal holiday, then such deadline shall extend to the next Court day. These deadlines may be extended by Court order, for good cause shown, without further notice to Class Members. Class Members must check the settlement website regularly for updates and further details regarding this settlement. Additionally, the Court notes that certain deadlines (e.g., for the Claims Administrator to send reminder notices; for Rule 23 Class Members to send a Request for Exclusion; for FLSA Class Members to send a Claim Form; and for the filing of written objections to the settlement) are dependent upon the date that the Claims Administrator mails the Notice Packet. For those events, the deadlines noted below assume that the Claims Administrator will mail the Notice Packets on the *last* date for doing so. To the extent the Claims Administrator mails the Notice Packets *earlier*, the related deadlines for the events listed above may actually be earlier than the deadlines noted below.

| Event | Deadline |
|---|---|
| Last date for defendants to provide the Claims Administrator and Class Counsel with the class list and Class Members' information. Amended Agreement ¶ 65.a. | 20 calendar days after defendants receive this order<br><br>**November 12, 2019** |
| Last date for the Claims Administrator to mail the Notice Packet to the last known address of each Class Member. Amended Agreement ¶ 65.b. | 10 calendar days of receipt of class list from defendants<br><br>**November 22, 2019** |
| The settlement website and toll-free telephone number shall be established and become operational | **November 22, 2019** |
| The Notice of Proposed Class Action Settlement shall be published on the settlement website | **November 22, 2019** |

| Event | Deadline |
|---|---|
| Last date for Class Counsel to file motion in support of final approval of settlement, motion for attorneys' fees, costs and expenses, as well as papers in support of service awards to each named plaintiff | **November 29, 2019** |
| Claims Administrator to send a reminder notice card to each FLSA Class Member. Amended Agreement ¶ 65.e. | 30 days from the mailing of the Notice Packets<br>**December 23, 2019** |
| Last date for Rule 23 Class Members to send Request for Exclusion. Amended Agreement ¶ 79. | 45 calendar days from mailing of the Notice Packet<br>**January 6, 2020** |
| Last date to file with the Court any written objections to the settlement. Amended Agreement ¶ 82. | 45 calendar days from mailing of the Notice Packet<br>**January 6, 2020** |
| Last date for FLSA Class Members to send completed and signed Claim Form to the Claims Administrator. Amended Agreement ¶ 69. | 60 calendar days from mailing of the Notice Packet<br>**January 21, 2020** |
| For re-mailed Notice Packets: Last date for FLSA Class Members to send completed and signed Claim Form to the Claims Administrator. Amended Agreement ¶ 70. | 60 calendar days from original mailing or 15 calendar days from re-mailing, whichever is later<br>**January 21, 2020 or a later date** |
| Last date for Claims Administrator to provide defendants' counsel and Class Counsel with declaration attesting to completion of notice process. Amended Agreement ¶ 84. | 14 calendar days before Final Approval Fairness Hearing<br>**February 18, 2020** |
| Last date for parties to file responses to any objections to settlement. Amended Agreement ¶ 82. | at least 5 court days before Final Approval Fairness Hearing<br>**February 25, 2020** |
| Final Approval Fairness Hearing | **March 3, 2020, 10:00 a.m.** |

25. In the event the Court does not grant final approval of the settlement, or for any reason the parties fail to obtain a final order and final judgment pursuant to the Amended

Agreement, or the Amended Agreement is terminated pursuant to its terms for any reason, then the conditional certification of the class action and collective action shall be automatically vacated, and this litigation shall proceed as though the class and collective action had never been certified and such findings had never been made.

IT IS SO ORDERED.

Dated: October 21, 2019

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge