JAMES DAL BON    SB# 157942
LAW OFFICE OF JAMES DAL BON
606 N. 1ST St.
SAN JOSE, CA 95112
Telephone:    (408) 466-5845
Facsimile:    (408) 286-7111

VICTORIA L.H. BOOKE    SB# 142518
BOOKE & AJLOUNY
606 North First Street
San Jose, California 95112
Telephone:    (408) 286-7000
Facsimile:    (408) 286-7111
Email: vbooke@bookelaw.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN CALIFORNIA

| | |
|---|---|
| RODRIGO CAMILO, an individual, ALVARO CAMILO, an individual, RICARDO G. SANCHEZ, an individual, JOSE MANUEL LOPEZ, an individual<br><br>PLAINITFFS AND PUTATIVE PLAINTIFFS<br><br>Plaintiffs,<br>vs.<br><br>Defendants.<br><br>SERVERO C. OZUNA, an individual, DON VITO OZUNA FOOD CORPORATION, a California corporation | Case No. 5:18-CV-02842-VKD<br><br>PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF *UNOPPOSED* MOTION FOR ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, ATTORNEYS' FEES, COSTS AND ENHANCEMENT PAYMENTS<br><br>DATE: March 3, 2020<br>TIME: 10:00 am<br>COURTROO: 2 FIFTH FLOOR<br>Date Action Filed:  May 14, 2018 |

I. <u>INTRODUCTION</u>

In this class action, Plaintiffs RODRIGO CAMILO, ALVARO CAMILO, RICARDO G. SANCHEZ, and JOSE MANUEL LOPEZ, brought this wage and hour class action against SERVERO C. OZUNA, an individual and DON VITO OZUNA FOOD CORPORATION, a California corporation alleging a total of six causes of action on their behalf and on behalf of all similarly situated current and former employees of Defendants working in their tortilla manufacturing and processing company for (1) Failure To Properly Pay all Wages Under the Fair Labor Standards Act; (2) Failure To Pay All Wages Including California Overtime Wages; (3) Failure to Pay all Wages at the End of Employment; (4) Failure to Provide Accurate California Itemized Employee Wage Statements; (5) Failure to Provide Breaks; (6) Violation of California Business and Profession Code § 17200; The complaint in this action was filed on May 14, 2018.  See Camilo v Ozuna 5:18-cv-02842 EFC No. 1

While Defendants deny these claims, the parties engaged in arm's length negotiations and came to the gross settlement amount of $375,000 as set forth herein: Participating Class Members; enhancement of $5,000 to be paid to each of the class representatives, RODRIGO CAMILO, ALVARO CAMILO, RICARDO G. SANCHEZ, and JOSE MANUEL LOPEZ, for a total of $20,000; $112,500 in attorneys' fees; costs of $ 7,276.63 payment of $15,000 to the third party administrator, CPT Group, ("CPT"). See EFC No. 55 Attachment 1 Ex A-1

Plaintiffs' unopposed motion for Preliminary Approval was granted on October 22, 2019.  Defendant does not oppose this present motion, and Plaintiff seeks an Order for approval of the settlement, attorneys' fees, costs, administrator fees, and enhancement payments as set forth herein. EFC No. 59

II. <u>PROCEDURAL BACKGROUND</u>

The complaint in this action was filed on May 14, 2018.  EFC No. 1

Thereafter, Class Counsel conducted a thorough investigation into the facts of the Lawsuit, including extensive informal and formal discovery and exchange of information and documents.  Although no discovery motions were ultimately required, Class and defense

1  counsel engaged in numerous and lengthy meet and confer efforts regarding Defendant's
2  discovery responses and document production.  These meet and confer efforts included both
3  written correspondence and telephone conferences.  The investigation included review of
4  approximately 5,000 pages of relevant documents, including written policies and procedures,
5  handbooks, time records and payroll records, and a detailed analysis of payroll.  Class
6  Counsel further investigated the facts alleged in the Complaint by conducting multiple
7  interviews of Class Members.  Moreover, Plaintiffs and many of their witnesses are
8  predominantly Spanish speaking, necessitating the use of a Spanish translator for each
9  meeting with Plaintiffs and witnesses, and also at their depositions, which required more
10 time for each meeting and deposition. See Decl Vickie Booke;  EFC No. 40:1,

      Class counsel spent a significant amount of time examining and analyzing thousands of pages of payroll and timesheet records in order to determine damages and prepare a meaningful mediation brief. Id.

      Plaintiffs were intricately involved in each aspect of the case, and therefore attended numerous meetings with counsel to prepare their case for mediation, and also attended the full day long mediation. See Decl. Rogilo Camillo, Alvaro Camilo, Jose Manuel Lopez and Ricardo Sanchez.

      On December 12, 2018, the parties engaged in mediation at ADR Services before the Hon. George Hernandez (Ret.).  As stated, Plaintiffs and Defendants all attended that full day mediation.  After a full day of mediation, the case settled. Dec. of Vickie Booke Decl. Rogilo Camillo, Alvaro Camilo, Jose Manuel Lopez and Ricardo Sanchez.

      Since then, class counsel prepared the initial draft of the Stipulation for Settlement, with several discussions thereafter and several drafts going back and forth before the Stipulation was finalized.

      Additionally, the motion for Preliminary Approval was held and was granted on October 22, 2019, with the instruction that some changes be made to the class notice and claim forms. The Order granting Preliminary Approval See EFC No. 57

Plaintiffs and Defendant presented the revised notice and claim forms to the Court for approval, and the Court approved the same on 10/21/2019   The Court's Order approving the revised forms EFC No. 61

The Court conditionally certified this matter as a collective action under the FLSA, 29 U.S.C. § 216(b), under the FSLA as consisting of all

"individuals who are employed or who have been employed by defendants as nonexempt hourly employees involved in the tortilla and chip manufacturing process from May 14, 2015 through March 19, 2019 who allege violations under the FLSA as described in claim one of the Complaint (EFC Nos. 1, 59)."

The court preliminarily certified a class pursuant to Rule 23, consisting of all:

"individuals who are employed or have been employed by defendants as non-exempt hourly employees involved in the tortilla and chip manufacturing process between May 14, 2014 and March 19, 2019 and who allege violations under California law as described in claims two through seven of the Complaint (EFC Nos. 1, 59)."

The court ordered the Plaintiffs to file the Motion for Final Approval before the final statistics regarding class participation will be made available by the claims administrator CPT Group.  Thus some arguments in favor of Final Approval will have to wait for until CPT Group produces those statistics.

III   STATEMENT OF FACTS

*The Individual Plaintiffs*

The Defendants employed the four named plaintiffs and class representatives, Rodrigo Camilo, Alvaro Camilo, Ricardo G. Sanchez and Jose Manuel Lopez as non-exempt tortilla makers. Defendants employed Plaintiff Rodrigo Camilo from 2010 to March 13, 2017; Alvaro Camilo, from 2010 to July 23, 2017; Jose Manuel; from 2009 to July 23, 2017; and Ricardo Gomez Sanchez, from 2010 to March 8, 2016.  The Defendants paid the Plaintiffs an hourly wage. . See Decl. Rogilo Camillo, Alvaro Camilo, Jose Manuel Lopez and Ricardo Sanchez. EFC Nos. 40:1, 42, and 43.

The Plaintiffs based their case on the following allegations:

Defendants regularly deducted or "shaved" work hours from the Plaintiffs' paychecks in this manner so that the Defendants did not pay the Plaintiffs for all the overtime and regular hours they actually worked for the Defendants. Not only did the Defendants fail to pay overtime when they shaved time from the Plaintiffs time cards but they also failed to minimum wages for the shaved time. For example, the Defendants required they pick up their paychecks on Saturday, their days off. The Plaintiffs accused the Defendants of paying the majority of their overtime hours at the regular rate of pay. The Defendants paid their employees by check and cash. See Decl. Rogilo Camillo, Alvaro Camilo, Jose Manuel Lopez and Ricardo Sanchez. EFC Nos. 40:1, 42, and 43

Due to the time shaving, Defendants provided the Plaintiffs with paystubs that did reflect the hours they worked in accurate manner. The paystubs did not include the hours the Defendants shaved from the time cards of the Plaintiffs. Plaintiffs could not look at their time cards and determine whether the Defendants paid them for all their work hours. Id.

Defendants deny all allegations. Defendants presented time cards that showed punch in and out times for lunch for most of their employees. Defendant produced time cards that showed he had a convoluted system of payment. The system of payment did result in the Plaintiffs' receipt of much of their wages.

*The Class List*

When the class list is compared to the Department of Labor records it shows that the Defendants employed approximately 128 potential class members with an average of 25 to 34 Class Members working per year. As of March 19, 2019 the Defendants employed approximately 21 non-exempt Class Members according to the Defendant's class list. This leaves approximately 107 former employees as additional potential class members. (This represents a shrinkage in the Defendants' workforce'. See EFC 51.

VI       THE CLASS MEETS THE REQUIREMENTS OF RULE 23

Class certification requires that: (1) the class be so numerous that joinder of all

members individually is 'impracticable;' (2) there are questions of law or fact common to the class; (3) the claims or defenses of the class representative must be typical of the claims or defenses of the class; and (4) the person representing the class must be able fairly and adequately to protect the interests of all members of the class. Fed. R. Civ. P. 23(a); Staton v. Boeing, 327 F.3d 938, 953 (9th Cir.2003). In addition to meeting the conditions imposed by Rule 23(a), the parties seeking class certification must also show that the action is maintainable under Federal Rule of Civil Procedure 23(b).

Numerosity

Here, the parties assert that the action is maintainable under Rule 23(b)(3) because questions of law or fact common to class members predominate over any question affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Fed. R. Civ. P. 23(b); Hanlon, 150 F.3d at 1022.

Numerosity exists because there are approximately 128 members of the Rule 23 class.. "Generally speaking, courts will find that the 'numerosity' requirement has been satisfied when the class comprises 40 or more members and will find that it has not been satisfied when the class comprises 21 or fewer." Ansari v. New York Univ. (SD NY 1998) 179 FRD 112, 114 (emphasis added); also see Consolidated Rail Corp. v. Town of Hyde Park (2nd Cir. 1995) 47 F3d 473, 483—numerosity presumed at level of 40 members; Miri v. Dillon (ED MI 2013) 292 FRD 454, 461—numerosity satisfied where putative class comprised of 150 members. Even the smallest number, 68 class members, fits within the acceptable range of the class size.

Commonality

Commonality exists in this case. This requirement is met through the existence of a "common contention" that is of such a nature that it is capable of class wide resolution in "one stroke." Wal-Mart Stores, Inc. v Duke (2011) 564 U.S. 338, 350, 131 S. Ct. 2541, 2541 The Plaintiff has alleged violations of wage and hour law that are capable of class-wide resolution. The Defendants policy towards overtime, rounding time, rest and meal period violations are all capable of class wide resolution.

Typicality

Typicality exists in this case. The claims of the purported class representative need not be identical to the claims of other class members, but the class representative "must be part of the class and possess the same interest and suffer the same injury as the class members." General Tel. Co. of Southwest v. Falcon, supra, 457 US at 156, 102 S.Ct. at 2370; Wolin v. Jaguar Land Rover North America, LLC (9th Cir. 2010) 617 F3d 1168, 1176. All four members of the case worked for the Defendants during the Rule 23 Class period and the FSLA Class period. The Defendants applied the same convoluted method of payment to the Plaintiffs they applied to the Defendants. Their claims are identical to those alleged in the complaint on behalf of the class members.

Adequacy of Representation

The class members have been adequately represented in this case. None of the named class members have a conflict. The class members have vigorously prosecuted the case, all three participating in the investigation, deposition and mediation of this case. Class counsel has successfully litigated the following Class Actions in Santa Clara County Superior Court Rosales vs Heavenly Greens 1-cv-119684; Lopez vs Logistics Delivery Solutions 113-cv-249431, Diaz vs Heavenly Greens 16-cv295143 and Cooke vs A is for Apple 15-cv-279579. Plaintiffs' counsel has prosecuted 178 wage and hour cases in federal court and probably another fifty in state court over the past twelve years

V      THE SETTLEMENT IS FAIR UNDER RULE 23 AND THE FSLA

Fed. R. Civ. Proc. 23(e) requires the district court to determine whether a proposed settlement is fundamentally fair, adequate, and reasonable. The court considers a number of factors in making the fairness determination including: "the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant;[2] and the reaction of the class members to the proposed settlement." Hanlon v. Chrysler Corp., 150 F.3d 1011, 1026 (9th Cir. 1998)

1   Since some of the argument that supports fairness relies on the statistics. Thus
2   Plaintiffs will reserve some of those argument until the stats are in.
3   Nevertheless Class counsel believes this settlement to be a reasonable compromise of
4   the class claims, and well within the percentile ranges of the total available damages that
5   have been approved in other class settlements. See In re Omnivision Technologies, Inc., 559
6   F.Supp.2d 1036, 1042 (2007) (noting that certainty of recovery in settlement of 6% of
7   maximum potential recovery after reduction for attorney's fees was higher than median
8   percentage for recoveries in shareholder class action settlements, averaging 2.2%-3% from
9   2000 through 2002); Reed v. 1-800 Contacts, Inc., 2014 U.S. Dist. LEXIS 255 (S.D. Cal. 2014)
10  (approving a settlement of $11.7 million where the maximum range of damages was $5,000 for
11  each of the alleged 300,000 instances of unlawful recording violations ($1.5 billion), equaling
12  approximately .78% of the total demand and approximately $800 per class member);
13  Dunleavy v. Nadler (In re Mego Fin. Corp. Sec. Litig.), 213 F.3d 454, 459 (9th Cir. 2000).
14  Counsel reserves further argument until CPT Group produces the final statistics as
15  they will also influence the fairness of the settlement.

## VI. THE NOTICE GIVEN THE CLASS IS ADEQUATE

A class action settlement notice "is satisfactory if it generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *Rodriguez v. W. Pub. Corp.*, 563 F.3d 948, 962 (9th Cir.2009

Rule 23(c)(2)(B) contains specific requirements for the notice, namely, that the notice state in clear, concise, plain, and easily understood language:

"(i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires;

(v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; [and] (vii) the binding effect of a class judgment

on members under Rule 23(c)(3)." Monterrubio v. Best Buy Stores, L.P., 291 F.R.D. 443, 453 (E.D. Cal. 2013).

In this case the Notice was mailed to the last known addresses of all class members. A second mailing was conducted after six notices were returned. As if today's date only one package remains undeliverable. The Notice fulfilled all the requirements of Rule 23 and was written in both Spanish and English.

Again counsel reserves further argument until CPT Group issues its final statistics.

VII  THE SERVICE AWARDS ARE FAIR

In this case the Plaintiff's counsel is requesting service awards for each Plaintiff in the amount of $5000 per person. Courts routinely approve incentive awards to compensate named plaintiffs for the services they provide and the risks they incurred during the course of the class action litigation Vasquez v. Coast Valley Roofing, Inc., 266 F.R.D. 482, 490 (E.D. Cal. 2010)

Five thousand dollars seems like an adequate sum considering the Plaintiffs the amount of time the Plaintiffs spent. . See Decl. Rogilo Camillo, Alvaro Camilo, Jose Manuel Lopez and Ricardo Sanchez. EFC Nos. 40:1, 42, and 43

CONCLUSION

Plaintiff's counsel respectfully requests the court approve the settlement for final certification.

November 29, 2019

*James Dal Bon*

James Dal Bon